# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LINDA CHEATWOOD,** | ) |
| **Plaintiff,** | ) |
| | ) **CASE NO.: _____** |
| v. | ) |
| | ) |
| **CALVIN DWAYNE CARTER,** | ) |
| **CARTER'S TRANSPORT, INC.,** | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Calvin Dwayne Carter ("Mr. Carter") and Carter's Transport, Inc., ("Carter's Transport") (collectively, "Defendants"), reserving all rights and defenses and without waiver thereof, remove to this Court a civil action originally filed in the Circuit Court of Etowah County, Alabama to the United States District Court for the Northern District of Alabama, Middle Division, on the following grounds:

**I.      THE COMPLAINT AND REMOVAL**

1.      This is a civil action filed by Linda Cheatwood ("Plaintiff") on April 27, 2022, in the Circuit Court of Etowah County, Alabama, bearing case number 31-CV-2022-900169 (the "state-court action").

2.      This case falls under this Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court by

Defendants in accordance with the provisions of 28 U.S.C. § 1441 because (1) it is a civil action where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) Mr. Carter and Carter's Transport are completely diverse from Plaintiff.

3. This case arises from a motor vehicle wreck that occurred on February 11, 2022. Plaintiff asserts claims against Defendants for, (1) negligence/wantonness, and (2) negligent/wanton hiring, retention, monitoring, supervision and/or training. (Ex. 1, Complaint at Doc. 2.)

4. Removal of this action is proper under 28 U.S.C. § 1446(a) because Etowah County, Alabama, where the state-court action was pending, is located in the Middle Division of the Northern District of Alabama. 28 U.S.C. § 81(a)(6). Because the Complaint was filed and currently pending in the Circuit Court of Etowah County, Alabama, this District is the proper venue for this action upon removal pursuant to U.S.C. § 1441(a).

5. The undersigned accepted service of the Complaint on May 12, 2022. (Ex. 2, Acceptance of Service, at Doc. 7.)

6. Defendants file this Notice of Removal within 30 days of service pursuant to 28 U.S.C. 1446(b). Removal is therefore timely.

## II.     DIVERSITY JURISDICTION

7.     Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiff and Defendants, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

### A.     Amount in Controversy

8.     "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)). "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe* 613 F.3d at 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754).

9. It is facially apparent from the Complaint that the amount in controversy for the damages claimed by Plaintiff exceeds $75,000.00, exclusive of interest and costs.

10. Plaintiff claims damages for physical pain and mental anguish suffered. Plaintiff further claims damages that, "she was caused to seek medical treatment and was prevented from going about her normal activities; she was permanently injured; she was caused to incur medical expenses to treat and cure her injuries; she was caused to lose wages both past and future; her vehicle was rendered less valuable; and she was caused to be injured and damaged, all to her detriment." (Ex. 1, at Doc. 2, ¶¶ 9.) Furthermore, in speaking with Plaintiff's counsel, it appears Plaintiff had a knee surgery.

11. The Eleventh Circuit has recently held that complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000.[1] *Hickerson v. Enter. Leasing Co. v. Georgia, LLC*, 818 F.App'x 880, 883 (11th Cir. 2020), 818 F.App'x at 883 (citing *Gebbia v .Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)). *See also Fuqua v. D & M Carriers, LLC*, No. 6:19-CV-01626-LSC, 2019 WL 6918297, at *3 (N.D. Ala. Dec. 19, 2019) (find that it "defies common sense" that plaintiff would be

---

[1] In asserting that the amount in controversy exceeds the sum of $75,000, Defendants do not concede that the claim does, in fact, exceed that amount, but rather that Plaintiffs claim that they do.

seeking less than $75,000 given her allegations of multiple surgeries, pain and mental anguish, permanent impairment, and lost wages.)

12.     Moreover, Plaintiff has alleged a wantonness claim and also seeks punitive damages. (Ex. 1, at Doc. 2, ¶¶ 8–10.) "In determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered … unless it is apparent to a legal certainty that such cannot be recovered."[2] *Blackwell v. Great Am. Fin. Res., Inc.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

13.     In light of the foregoing, this Court can reasonably infer that it is facially apparent from the Complaint that the amount in controversy, more likely than not, exceeds the amount-in-controversy requirement.

### B.      **Complete Diversity of the Parties**

#### i.      **Citizenship of Plaintiff**

14.     The Complaint identifies that Plaintiff is a "resident citizen of the State of Alabama." (Ex. 1, at Doc. 2, ¶¶ 1.) "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 239 F.3d 1254, 1257 (11th Cir. 2002) (citing *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972)). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he

---

[2] Defendants do not concede that punitive damages are warranted in this case, and reserve any and all rights to challenge the same. Instead, Defendants merely point out that punitive damages may be awarded in wantonness claims under Alabama law.

is absent therefrom[.]'" *McCormick*, 293 F.3d at 1257-58 (citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)).

15. In addition to the representations contained in the Complaint, the accident report lists Plaintiff's address as 107 Highland Ave. NW, Attalla, Alabama 35954. (Ex. 2, Accident Report.)

16. Defendants have established that Plaintiff has her "true, fixed, and permanent home" in the State of Alabama. Plaintiff is an Alabama citizen.

### ii. Citizenship of Mr. Carter

17. In the Complaint, Plaintiff alleges that "Calvin Dwayne Carter is a resident citizen of the State of Louisiana." (Ex. 1, at Doc. 2, ¶ 2.)

18. Furthermore, the accident report lists Mr. Carter's address as 108 Garden Drive, Louisiana 71334. (Ex. 3, Accident Report.)

19. Accordingly, Defendants have established by a preponderance of the evidence that Mr. Carter's "true, fixed, and permanent home" is in the State of Louisiana. Mr. Carter is a Louisiana citizen.

### iii. Citizenship of Carter's Transport, Inc.

20. 28 U.S.C. § 1332(c)(1) provides that a corporation is a citizen of the "state by which it has been incorporated" and the "state where it has its principal place of business."

21. In the Complaint, Plaintiff alleges that "Carter's Transport, Inc., is an entity incorporated in the State of Mississippi." (Ex. 1, at Doc. 2, ¶ 3.)

22. Carter's Transport is a corporation formed and existing under the laws of the State of Mississippi. (Ex. 3, Articles of Incorporation.)

23. The 2022 corporation annual report filed with the Mississippi Secretary of State, identifies Carter's Transport's "principal address" as 118 Yearick Dr., Natchez, Mississippi 39120. (See Ex. 4, 2022 Corporate Annual Report.) As such, the principal place of business for Carter's Transport is in Mississippi.

24. Defendants have established that Carter's Transport is a citizen of the State of Mississippi in accordance with 28 U.S.C. § 1332(c)(1).

25. "Diversity jurisdiction exists over a controversy between citizens of different states." *McCormick*, 239 F.3d at 1257 (citing 28 U.S.C. § 1332(a)). Plaintiff is a citizen of the State of Alabama. Mr. Carter is a citizen of the State of Louisiana, and Carter's Transport is a citizen of the State of Mississippi. As a result, complete diversity exists among the parties in this action.

### III. PROCEDURAL NOTICE

26. In conformity with 28 U.S.C. § 1446(d), Defendants are serving this Notice of Removal on Plaintiff's counsel. In further compliance with 28 U.S.C. § 1446(d), the Defendants will file a copy of this Notice of Removal with the Circuit

Clerk of Etowah County, Alabama, promptly after receiving a file-stamped copy of the same from the Clerk of this Court.

Respectfully submitted this the 17th day of May 2022.

/s/ *Jonathan K. Corley*
Attorney for Defendants,
Calvin Dwayne Carter, and
Carter's Transport, Inc.

**OF COUNSEL:**
Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803–0106
T: (334) 745–7766
F: (334) 745-7766
E: jcorley@wwp-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 17th day of May 2022, I filed the foregoing using the CM/ECF system, which will send notification via email to the following counsel of record:

John David Lawrence
FARRIS, RILEY & PITT, LLP
505 20th Street North, Suite 1700
Birmingham, AL 35203
Phone: (205) 324–1212
Fax: (205) 324–1255
Email: jlawrence@frplegal.com

                                              */s/ Jonathan K. Corley*
                                              Jonathan K. Corley