ELECTRONICALLY FILED
4/27/2022 4:16 PM
31-CV-2022-900294.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

**FILED**
2022 May 17 PM 01:57
CIRCUIT COURT
ETOWAH COUNTY, ALABAMA
CLERK OF

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case No.<br>31-CV-2022-900294.00<br>Date of Filing:<br>04/27/2022 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA
### LINDA CHEATWOOD v. CALVIN DWAYNE CARTER ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other
**First Defendant:** ☐ Business ☑ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

LAW036     4/27/2022 4:16:12 PM     /s/ JOHN DAVID LAWRENCE
_____     _____     _____
     Date     Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
4/27/2022 4:16 PM
31-CV-2022-900169.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| LINDA CHEATWOOD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: CV-2022-_____ |
| | ) |

**CALVIN DWAYNE CARTER, an individual; CARTER'S TRANSPORT, INC.; a corporation; there may be other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all Legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity." In the present action the party Defendants which the Plaintiff must include by descriptive characterization are as follows:**

**Defendants A, B and C, that entity which owned the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Linda Cheatwood;**
**Defendants D, E and F, that entity or person who controlled the operation of the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Linda Cheatwood;**
**Defendants G, H and I, that entity which entrusted the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Linda Cheatwood to the driver of said vehicle;**
**Defendants J, K and L, that entity which maintained the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Linda Cheatwood;**
**Defendants M, N and O, the person, firm or corporation for whose benefit the trip was being made by the Defendant(s) on the occasion of the accident made the basis of this suit;**
**Defendants P, Q, and R, that person, firm or corporation who was in control and direction of the trip being conducted by the Defendant(s) at the time of the accident made the basis of this suit;**
**Defendants S, T, and U, that entity who designed, manufactured or otherwise marketed the vehicle that Linda Cheatwood was operating at the time of the incident made the subject matter of this lawsuit;**
**Defendants V, W, X, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity which negligently entrusted to Calvin Dwayne Carter, the vehicle he was driving on the occasion made the basis of this Complaint;**
**Defendants Y, Z, and AA, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity which had any interest by way**

**of trip-lease, contract, lease, or similar agreement whatsoever in the operation of the vehicle by Calvin Dwayne Carter, on or about the occasion made the basis of this Complaint;**

**Defendants BB, CC, and DD, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity for whom Calvin Dwayne Carter, was acting within the line and scope of authority, or agency with said entity, on the occasion made the basis of this Complaint,**

**Defendants, EE, FF, and GG, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity (which in addition to those individuals and entities described above) whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;**

**Defendants, HH, II, JJ, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity (which in addition to those individuals and entities described above) whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;**

**Defendants, KK, LL, and MM, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious Defendants herein;**

**Defendants, NN, OO, and PP, those persons, firms, corporations or other legal entities that breached a legal duty owed to the Plaintiff whether in tort, contract, equity or statutory violation thereby proximately causing their injuries;**

**Defendants.**

## COMPLAINT

**COMES NOW** the Plaintiff, by and through undersigned Counsel, and complains of the Defendants as follows:

1.     The Plaintiff, Linda Cheatwood, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.

2.     The Defendant, Calvin Dwayne Carter, is over the age of nineteen (19) years and a resident citizen of the State of Louisiana.

3.     The Defendant, Carter's Transport, Inc., is an entity incorporated in the State of Mississippi and doing business in the State of Alabama.

4.    The Plaintiff avers that at all times material herein, the Defendant, Calvin Dwayne Carter, was an agent, servant, or employee of Defendant, Carter's Transport, Inc., and acting within the line and scope of his employment.

5.    The actions, inactions and/or events giving rise to the Plaintiffs' claims occurred wholly within the geographical boundaries of Etowah County in the State of Alabama.

6.    The amount in controversy exceeds the jurisdictional minimums of this Honorable Court.

7.    Jurisdiction and venue are proper in this Court.

## COUNT I
### Negligence/Wantonness

8.    Plaintiff avers that on or about February 11, 2022, on a public highway, to wit: US-431 at the intersection of N. 3rd Street in Etowah County, Alabama, the Defendant, Calvin Dwayne Carter, negligently or wantonly permitted, allowed, or caused a motor vehicle to collide with the vehicle occupied by Linda Cheatwood.

9.    As a direct or proximate consequence of the negligence or wantonness of the Defendant, the Plaintiff, Linda Cheatwood, was caused to suffer the following injuries and damages:

    (a) she was caused to suffer physical pain and mental anguish;

    (b) she was caused to seek medical treatment and was prevented from going about her normal activities;

    (c) she was permanently injured;

    (d) she was caused to incur medical expenses to treat and cure her injuries;

    (e) she was caused to lose wages both past and future;

    (f) her vehicle was rendered less valuable; and

(g) she was caused to be injured and damages, all to her detriment.

10.     Plaintiff avers that the negligence or wanton conduct of the Defendant directly or proximately caused the Plaintiff's injuries as herein above alleged.

**WHEREFORE**, Plaintiff hereby demands of the Defendant, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

## <u>COUNT II</u>
### Negligent /Wanton Hiring, Training, and Supervision

11.     Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

12.     Defendant, Calvin Dwayne Carter, was working as an employee of Carter's Transport, Inc., at all times relevant to this Complaint.

13.     Defendant, Carter's Transport, Inc., hired Calvin Dwayne Carter as an employee with actual knowledge that Calvin Dwayne Carter would be responsible for operating a motor vehicle on Alabama's roadways within the line and scope of his employment.

14.      Defendant, Carter's Transport, Inc., knew at the time it hired Calvin Dwayne Carter as an employee that ordinary care required Defendant, Carter's Transport, Inc., to train and instruct its employees to observe and obey the traffic laws of the State of Alabama.

15.     Upon information and belief Defendant, Carter's Transport, Inc., negligently or wantonly hired, trained, and supervised Calvin Dwayne Carter in that it failed to ascertain whether Calvin Dwayne Carter was a safe and skillful driver, failed to adequately train Calvin Dwayne Carter in the safe operation of a motor vehicle and failed to properly supervise in his operation of a motor vehicle.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

## COUNT III
### Respondeat Superior

16.     Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

17.     On February 11, 2022, at the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant, Carter's Transport, Inc., was the employer of Calvin Dwayne Carter.

18.     At the time of the occurrence forming the basis of the Plaintiff's Complaint, Calvin Dwayne Carter was acting as the agent, servant and/or employee of Defendant, Carter's Transport, Inc.

19.     At the time of the occurrence forming the basis of the Plaintiff's Complaint, Calvin Dwayne Carter was acting within the line and scope of his employment with Defendant Carter's Transport, Inc.

20.     At the time of the occurrence forming the basis of the Plaintiff's Complaint, Calvin Dwayne Carter was operating a vehicle in furtherance of the business purposes of Defendant Carter's Transport, Inc.

21.     As a result of the foregoing, Defendant, Carter's Transport, Inc., is vicariously liable to Plaintiff, Linda Cheatwood, for the negligent or wanton conduct of Calvin Dwayne Carter.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

## COUNT IV
### Fictitious Defendants

22.     Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

23.     Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants, "A through PP," combined and concurred to directly or proximately cause the Plaintiff's injuries and damages set out in **COUNT I**, **COUNT II,** and **COUNT III** above. Defendants, "A through PP," whose current names and identities are unknown to the Plaintiff at the present time will be correctly named and identified by amendment who properly ascertained.

**WHEREFORE**, the Plaintiff claims of the Fictitious Defendants, "A through PP,", jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

*/s/ John David Lawrence*
JOHN DAVID LAWRENCE (LAW036)
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY**

*/s/ John David Lawrence*
JOHN DAVID LAWRENCE (LAW036)

**OF COUNSEL:**

**FARRIS, RILEY & PITT, LLP**
The Financial Center
505 20th Street North, Suite 1700
Birmingham, AL 35203
Phone: (205) 324-1212
Fax: (205) 324-1255
jlawrence@frplegal.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:**

Calvin Dwayne Carter
P.O. Box 1226
Ferriday, LA 71334

Carter's Transport, Inc.
118 Yearick Drive
Natchez, MS 39120

ELECTRONICALLY FILED
4/27/2022 4:16 PM
31-CV-2022-900169.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| LINDA CHEATWOOD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No.: CV-2022-_____** |
| | ) |
| CALVIN DWAYNE CARTER; | ) |
| CARTER'S TRANSPORT, INC.*;* | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff submits the following Interrogatories and Requests for Production of Documents to Defendant, Calvin Dwayne Carter, to be answered pursuant to *Alabama Rules of Civil Procedure* 33 and 34.

## INSTRUCTIONS

1.      You are under a duty to reasonably supplement or amend your responses to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

2.      Each Interrogatory shall be answered separately and fully in writing under oath in accordance with Ala. R. Civ. P. 33(a).

3.      All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests as required by Ala. R. Civ. P. 34(b).

4.      With respect to any documents or things withheld by you due to a claim of privilege or other objection, list for each such document or thing:

      i.      type of document or thing (e.g., memorandum, letter, etc.);
      ii.     author(s);
      iii.    recipient(s);
      iv.     subject matter;
      v.      nature of privilege asserted or other objections;
      vi.     the part of the document withheld; and

vii.    a description of the thing withheld.

5.      If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

    a.    type of document or thing (e.g. letter, memorandum, etc.);
    b.    author(s)
    c.    recipient(s)
    d.    the approximate or actual date of the document;
    e.    subject matter;
    f.    the person who destroyed or otherwise disposed of the document or thing;
    g.    in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;
    h.    the date of destruction or disposition; and
    i.    the reason for destruction of disposition.

## DEFINITIONS

1.  "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2.  "You" or "your" means Calvin Dwayne Carter in this action, his agents, officers, directors, employees, representatives, or other entities acting or purporting to act on his behalf.

3.  "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or information that might otherwise be construed to be outside its scope.

4.  "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.  "Identify" has the following meanings in the following contexts:

    a.    when used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;
    b.    when used with respect to a place or location, to provide the address, city, county, and state where that place is located;
    c.    when used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;
    d.    when used with respect to a transaction, occurrence, or act, to set forth the event or events constituting such a transaction, occurrence, or act, the location of the same, and the date and the persons participating in the same.

6.      The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made.  Please note that "document(s)" as so defined include, but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy: statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information-containing paper, writing, or physical thing.

## **<u>INTERROGATORIES</u>**

1.      State your full correct name, age, place of birth, social security number, driver's license number, residence address and business address.

2.      If married, state your spouse's full name.

3.      List all other addresses at which you have resided during the past five (5) years and the dates of the use of each.

4.      Please identify your employer on the date of the automobile collision and whether you are currently employed by the same employer.  If not, please identify your current employer.

5.      For the five (5) years immediately preceding the date of the incident referred to in the complaint, state the names and addresses of each of your employers.

6.      Please state in detail your recollection of how the incident made the subject of this lawsuit occurred including events leading up to the impact.

7.      State the direction and the lane in which your vehicle was traveling at the time of impact between your vehicle and the Plaintiff's vehicle.

8.      Do you contend that the Plaintiff in any way caused or contributed to the incident made the basis of this suit?  If so, please state in detail and specifically the basis of your contention that Plaintiff contributed to the accident and state all facts and/or evidence upon which you base your contention.

3

9.     Describe the point of impact made between your vehicle and the Plaintiff's vehicle.

10.    Please state whether you were working or on duty at the time of the automobile collision made the basis of this suit.

11.    Please identify the owner of the automobile you were driving that was involved in the automobile collision made the basis of this suit.

12.    Please state the reason, occasion, or purpose of the trip you were making immediately before the automobile collision, including your intended destination and from where you were coming at the time of the automobile collision forming the basis of this suit.

13.    Please state if you had liability coverage at the time of the incident made the basis of this complaint.  If your answer is in the affirmative, please state:

      (a)     The name of the insurance carrier;

      (b)     The policy number or numbers;

      (c)     The dates coverage was in force and effect; and

      (d)     The amount of liability coverage afforded by each policy.

14.    State the names and addresses of each and every person occupying your vehicle and state specifically how and what manner each of said occupants were located in said vehicle on the occasion of the incident made the basis of this suit.  In your answer include what each occupant was doing at the time of said accident.

15.    Please state whether you were taking any prescription medication at the time of the accident.  If so, state the prescription, dosage and what illness, condition, or treatment for which you are taking each prescription.

16.    Please identify all conversations you have had with the Plaintiff since the collision, stating the date of all such conversations, what was said by you and by Plaintiff, and identify all persons other than you and Plaintiff who were present for such conversations.

17.    Please identify each person who, to either your or your representative's knowledge, has knowledge of any of the facts or circumstances relating to the incident that is the basis of this lawsuit.

18.    State whether you were injured in the automobile collision made the basis of this lawsuit, and if so, identify all of the injuries you received and the names and addresses of all doctors and medical facilities you sought treatment for any injuries related to this collision.

4

19.     Please identify all moving violations, tickets, citations, and automobile collisions you have received or in which you have been involved within the last three (3) years. Include in your answer the type of violation, the year the violation occurred, and the State and county or city in which you received a ticket or citation for such violation, or in which said automobile collision(s) occurred.

20.     State whether you remained on the scene after the collision until the police arrived, and if not, state why you did not remain at the scene of the collision and where you went when you left the scene.

21.     Describe completely and in specific detail each and every item of damage sustained by your vehicle as a result of the incident made the basis of this suit.

22.     Describe the general condition of your vehicle on the date of the occasion made the basis of this suit.

(a)     Describe the condition of the brakes, signal device, steering apparatus, tires, and lighting equipment;

(b)     Describe when the brakes, signal devices, steering apparatus, lights and tires on said vehicle had last been inspected prior to the incident herein, and by whom.

23.     Do you contend that some mechanical failure or defect played a part in causing the incident made the basis of this suit?  If so, please state:

(a)     What component of said vehicle do you say failed or was defective?

(b)     Describe how and in what manner any such failure or defect contributed to cause the incident made the basis of this suit.

(c)     The names and addresses of each and every witness who has knowledge of any facts upon which this contention is based.

24.     State whether or not for a twenty-four (24) hour period prior to the incident made the basis of this suit, you had ingested any alcohol or drugs.  If so, please state who provided said alcohol or drugs and quantity.

25.     State the name and address of each school, college, or educational institution you have attended, listing the dates of attendance and the courses of study.

26.     Have you ever served in the Armed Forces or performed services for any branch of any governmental agency?

27.     State whether you have any statement or statements in any form from any person regarding any of the events or happenings referred to in the complaint.  If so, state:

(a)     The name and address of the person or persons to whom such statements were made.

(b)     The names and addresses of the person presently having custody of such statements.

28.     State the names and addresses of any and all of your proposed expert witnesses, and the technical field in which you claim they are experts.

29.     State the subject matter on which each such expert witness is expected to testify and summarize the substance of the facts and opinions to which any such expert witness expects to testify, including in your answer a summary of the grounds for the opinion of each such expert.

30.     Describe in complete detail, the area wherein the incident occurred, including the grade of the road, construction of the road, any buildings or objects which you claim may have obscured your vision, the width of the road and any markings on said road.

31.     Please state whether you were a subscriber to a cellular phone plan or had a cellular phone provided to you by another person or business, as of the date of the collision at issue in this lawsuit and if your answer is "yes," please identify the cellular service provider, the name of the account holder and the telephone number for each such cellular phone.

32.     Were you using a cell phone in any way at the time of the accident?

33.     Identify by name and phone number the last person/entity that you texted or called before the wreck and the first person/entity that you texted or called after the wreck.

34.     Please state whether you have ever been arrested.  If so, state where you were arrested, which county, what the charges were and the disposition of the case.

35.     Do you rely upon statutes, codes, standards, regulations, rules, tests, treatise or other written material to support any of the defenses?  If so, list said documents and the appropriate section or page number upon which you rely.

## **REQUESTS FOR PRODUCTION**

1.     A list of any and all persons from who written or oral statements have been taken by or on behalf of the Defendant.

2.     A list of all witnesses who have any knowledge about the incident in question.

3.     Any and all photographs made in connection with said lawsuit either by the Defendant or on behalf of the Defendant.  Please include legible color photographs of the damage

to your vehicle.

     4.     A copy of any and all reports, investigations, tests or other documents by whatever name called of any expert employed on the Defendant's behalf to make an investigation of the incident made the basis of this suit.

     5.     A copy of any and all statements taken on behalf of the Defendant.

     6.     A list of each and every exhibit that Defendant, or his attorney, proposes to use in the trial of this action.

     7.     Each and every scientific treatise, book or document or treatise of any authority on the subject, the issue of the lawsuit, or any authoritative text or document in any way relating, concerning or pertaining to the Plaintiff's claim expressed in the Complaint.

     8.     Submit each article or thing the Defendant intends to offer or use in the trial of this case to demonstrate, illustrate, aid and/or assist in the testimony of any witness.

     9.     Please produce a copy of the front and back of Defendant's driver's license.

     10.     Please produce a copy of any documents received pursuant to any subpoena requests. This request is ongoing and should be timely supplemented during the pendency of this litigation.

     */s/ John David Lawrence*_____
     JOHN DAVID LAWRENCE (LAW036)
     Attorney for Plaintiff

**OF COUNSEL:**

**FARRIS, RILEY & PITT, LLP**
The Financial Center
505 20th Street North, Suite 1700
Birmingham, AL 35203
Phone: (205) 324-1212
Fax: (205) 324-1255
jlawrence@frplegal.com

**TO CLERK: PLEASE SERVE WITH SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
4/27/2022 4:16 PM
31-CV-2022-900169.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

|                                    |     |                                          |
|------------------------------------|-----|------------------------------------------|
| LINDA CHEATWOOD,                   | )   |                                          |
|                                    | )   |                                          |
| **Plaintiff,**                     | )   |                                          |
|                                    | )   |                                          |
| v.                                 | )   | **Civil Action No.: CV-2022-_____** |
|                                    | )   |                                          |
| CALVIN DWAYNE CARTER;              | )   |                                          |
| CARTER'S TRANSPORT, INC.;          | )   |                                          |
|                                    | )   |                                          |
| **Defendants.**                    | )   |                                          |

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

Plaintiff submits the following Interrogatories and Requests for Production of Documents to Defendant, Carter's Transport, Inc., to be answered pursuant to *Alabama Rules of Civil Procedure* 33 and 34.

### INSTRUCTIONS

1.      You are under a duty to reasonably supplement or amend your responses to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

2.      Each Interrogatory shall be answered separately and fully in writing under oath in accordance with Ala. R. Civ. P. 33(a).

3.      All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests as required by Ala. R. Civ. P. 34(b).

4.      With respect to any documents or things withheld by you due to a claim of privilege or other objection, list for each such document or thing:

      a.      type of document or thing (e.g., memorandum, letter, etc.);
      b.      author(s);
      c.      recipient(s);
      d.      subject matter;
      e.      nature of privilege asserted or other objections;
      f.      the part of the document withheld; and
      g.      a description of the thing withheld.

5.      If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

      a.      type of document or thing (e.g. letter, memorandum, etc.);
      b.      author(s);
      c.      recipient(s);
      c.      the approximate or actual date of the document;
      d.      subject matter;
      e.      the person who destroyed or otherwise disposed of the document or thing;
      f.      in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;
      g.      the date of destruction or disposition; and
      h.      the reason for destruction of disposition.

## DEFINITIONS

1.      "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2.      "You" or "your" means Carter's Transport, Inc., in this action, its agents, officers, directors, employees, representatives, or other entities acting or purporting to act on its behalf.

3.      "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or information that might otherwise be construed to be outside its scope.

4.      "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.      "Identify" has the following meanings in the following contexts:

      a.      when used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;
      b.      when used with respect to a place or location, to provide the address, city, county, and state where that place is located;
      c.      when used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;
      d.      when used with respect to a transaction, occurrence, or act, to set forth the event or events constituting such a transaction, occurrence, or act, the location of the same, and the date and the persons participating in the

2

same.

6.      The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made.  Please note that "document(s)" as so defined include, but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy; statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information-containing paper, writing, or physical thing.

## <u>INTERROGATORIES</u>

1.      Please state the name of the person or persons answering or otherwise responding to these Interrogatories on behalf of this Defendant.  For each such person, please provide that individual's name, address and relationship to the Defendant.  If any such individual is an employee, either current or former, please describe that individual's employment position with this Defendant.

2.      Is this Defendant properly named in this lawsuit? If the answer to this Interrogatory is in the negative, please state the correct name of this Defendant.

3.      Please state the name and address of each and every individual and/entity that is either a shareholder, partner and/or member of Defendant Carter's Transport, Inc.

4.      State whether Defendant Carter's Transport, Inc., performed any type of background check or pre-employment evaluation of its employee Calvin Dwayne Carter prior to his hiring?  If the answer to this Interrogatory is in the affirmative, please provide the following information:

a.      The date each such check or evaluation was performed;
b.      The name of the individual, individuals, entity or entities performing each such check or evaluation;
c.      The database(s) or resource(s), by whatever name called, researched during each such check or evaluation; and
d.      The results of each such check or evaluation.

5.      Please state whether this Defendant or someone acting on this Defendant's behalf has performed any investigation into the allegations of the Complaint made the basis of this suit. If so, please produce the following:

      a.      The name of the person or entity conducting the investigation;
      b.      Whether any statements were taken pursuant to said investigation;
      c.      Any and all photographs or video recordings taken of the scene where this accident occurred;
      d.      Any photographs of the vehicles involved in this accident;
      e.      Any statement taken of the Plaintiff; and
      f.      Any investigative report, document or writing of any kind concerning this accident.

6.      Please state whether, at the time of this accident, this Defendant had a policy of liability insurance including any umbrella policy or excess coverage.  If so, state the following:

      a.      the name of the carrier;
      b.      the policy number;
      c.      the limits of said policy and please include any form of excess coverage.

7.      Please state how and when this Defendant was made aware of the accident made the basis of this suit.

8.      Please state in great detail this Defendant's understanding of how the accident made basis of this suit occurred.

9.      Please state if this Defendant requested or had a drug or alcohol screen performed on Calvin Dwayne Carter immediately following the accident made the basis of this suit.

10.      Please state whether this Defendant has ever had a drug or alcohol screening performed on Calvin Dwayne Carter. If so, please produce the records concerning each and every test performed on Calvin Dwayne Carter.

11.      State the names and addresses of any and all of this Defendant's proposed expert witnesses, and the technical field in which this Defendant claims they are experts.  Please also provide the subject matter on which each such expert witness is expected to testify and summarize the substance of the facts and opinions to which any such expert witness expects to testify, including a summary of the grounds for the opinion of each such expert.

12.      Please state the make, model, year and vehicle identification number of the vehicle referred to in question number ten and please state the date and name of the entity from whom the Defendant purchased said vehicle.

13.     State by whom and to where said vehicle was removed from the scene of the accident and whether or not this Defendant still owned said vehicle and is said vehicle still being operated by this Defendant.  If so, please state the present location of said vehicle.

14.     Prior to the Defendant's return of said vehicle to operation, please state all locations to which said vehicle was moved.

15.     Describe in detail the exact nature of any inspection of the vehicle conducted at the scene of the accident made the basis of this lawsuit prior to its removal from the scene whether conducted by this Defendant or not.

16.     Is Calvin Dwayne Carter presently employed by this Defendant?  If not, please state:

> (a) the date he departed said employment; and
>
> (b) the reasons he departed said employment.

17.     Did this Defendant take any disciplinary action against Calvin Dwayne Carter as a result of the accident made the basis of the Plaintiffs' complaint?  If so, please describe the action taken in detail.

18.     Please list all previous motor vehicle accidents and violations in which Calvin Dwayne Carter has been involved, to this Defendant's knowledge, including dates and places thereof.

19.     Describe any repairs performed on said vehicle as a result of or following the accident in question and the name of the person making such repairs.

20.     Please state the date of the last maintenance, servicing on said vehicle immediately prior to this accident and what service or maintenance was performed at said time.

21.     State whether the Defendant maintains records concerning the maintenance, service, repairs and/or work orders for said vehicle.  If so, please list and describe the records maintained by the Defendant.

22.     Please state the name, address and current employer of the person or persons who are responsible for or in charge of the maintenance, servicing and inspections of the Defendant's vehicle which was involved in the accident made the basis of this lawsuit.

## REQUESTS FOR PRODUCTION

1.     Please produce the entire personnel file for Calvin Dwayne Carter.

2.     Please produce each and every driver's log for Calvin Dwayne Carter, beginning with the day following the accident made the basis of this suit extending back six (6) months.

3.     Please produce any and all documents concerning the transport of whatever goods by Calvin Dwayne Carter on the date of the accident made the basis of this suit.

4.     Please produce all documents related to training of Calvin Dwayne Carter on safety procedures in the operation of vehicles and/or driving while in the line and scope of employment with Carter's Transport, Inc.

5.     Please produce all documents related to the hiring of Calvin Dwayne Carter by this Defendant.

6.     Please produce all photographs made in connection with said lawsuit either by this Defendant or on behalf of this Defendant.

7.     All applicable insurance policies in force at the time of the incident which is the basis of this lawsuit.

8.     A list of each and every exhibit that Defendant, or its attorneys, proposes to use in the trial of this action.

9.     A copy of each and every exhibit that Defendant, or its attorneys, proposes to use in the trial of this action.

10.    Each and every scientific treatise, book or document or treatise of any authority on the subject, the issue of the lawsuit, or any authoritative text or document in any way relating, concerning or pertaining to Plaintiff's claims expressed in the Complaint that Defendant intends to use at trial.

11.    Submit each article or thing that Defendant intends to offer or use in the trial of this case to demonstrate, illustrate, aid and/or assist in the testimony of any witness.

12.    Produce the driver's post-collision alcohol and drug testing results.

13.    Produce any post-collision maintenance, inspection, repair records or invoices pertaining to the commercial vehicle involved in the collision forming the basis of this lawsuit.

14.    Produce any trip reports, dispatch records or trip envelopes pertaining to the driver, or the commercial vehicle involved in the collision for the day of this collision and the thirty (30) day period preceding the collision.

15.    Produce any emails, electronic messages, letters, memos, correspondence or other communications generated by or received by any Defendant and pertaining in any way to this collision.

16.    Produce any drivers' manuals, guidelines, rules or regulations given to drivers by any Defendant.

17.    Produce all documents pertaining to any arrests or convictions of the driver.

18.    Produce all documents pertaining to medications being taken by or prescribed to the driver of the commercial vehicle in this case.

19.     Produce all accident reports, police reports and/or investigation reports regarding the collision forming the basis of this lawsuit.

20.     Produce all statements, whether written, summarized and/or recorded on audio or video, taken of the Plaintiff at any time subsequent to the collision forming the basis of this lawsuit.

21.     Produce all training or instructional videotapes, CD's, DVD's, electronic modules, books or other documents or materials used by the Defendant to train any of its drivers at any time during the five (5) years prior to the collision forming the basis of this lawsuit.

22.     Each and every document or item obtained by this Defendant or on this Defendant's behalf by way of subpoena.  This request is ongoing and must be seasonally supplemented as new documents or items are obtained.


                                        /s/John David Lawrence
                                        JOHN DAVID LAWRENCE (LAW036)
                                        Attorney for Plaintiff


**OF COUNSEL:**

**FARRIS, RILEY & PITT, L.L.P.**
The Financial Center
505 20th Street North, Suite 1700
Birmingham, AL  35203
Phone:  (205) 324-1212
Fax:      (205) 324-1255
jlawrence@frplegal.com

**TO CLERK: PLEASE SERVE WITH SUMMONS AND COMPLAINT**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>31-CV-2022-900169.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA
## LINDA CHEATWOOD V. CALVIN DWAYNE CARTER ET AL

**NOTICE TO:** CALVIN DWAYNE CARTER, P.O. BOX 1226, FERRIDAY, LA 71334
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN DAVID LAWRENCE                                                                                          ,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 505 20th Street North, Suite 1700, BIRMINGHAM, AL 35203                          .
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LINDA CHEATWOOD
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 04/27/2022 | /s/ CASSANDRA JOHNSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JOHN DAVID LAWRENCE
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                    *(Name of County)*

Alabama on _____ .
*(Date)*

_____          _____          _____
*(Type of Process Server)*            *(Server's Signature)*                *(Address of Server)*

_____          _____
*(Server's Printed Name)*             *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>31-CV-2022-900169.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA**
**LINDA CHEATWOOD V. CALVIN DWAYNE CARTER ET AL**

**NOTICE TO:**  CARTER'S TRANSPORT, INC., 118 YEARICK DRIVE, NATCHEZ, MS 39120
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOHN DAVID LAWRENCE
_____ ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 505 20th Street North, Suite 1700, BIRMINGHAM, AL 35203
_____ .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LINDA CHEATWOOD
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 04/27/2022 | /s/ CASSANDRA JOHNSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ JOHN DAVID LAWRENCE
_____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                          *(Name of County)*

Alabama on _____ .
*(Date)*

_____     _____     _____
*(Type of Process Server)*              *(Server's Signature)*                *(Address of Server)*

_____     _____
*(Server's Printed Name)*              *(Phone Number of Server)*

ELECTRONICALLY FILED
5/13/2022 2:04 PM
31-CV-2022-900169.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

## IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| **LINDA CHEATWOOD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:  CV-2022-900169** |
| ) | |
| **CALVIN DWAYNE CARTER,** ) | |
| **and CARTER'S TRANSPORT, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF APPEARANCE
## AND NOTICE OF ACCEPTANCE OF SERVICE

Jonathan K. Corley of the law firm Whittelsey & Corley, LLC, files his notice of appearance as counsel of record for Defendants, Calvin Dwayne Carter and Carter's Transport, Inc. (collectively, "Defendants").  Furthermore, on today's date the undersigned accepts service of the Complaint on behalf of Defendants.

Respectfully submitted this the 13th day of May 2022.


*/s/ Jonathan K. Corley* _____
One of the Attorneys for Defendants


**OF COUNSEL:**
Jonathan K. Corley (COR049)
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803–0106
Tel.:   (334) 745–7766
Fax:   (334) 745–7666
E-mail: jcorley@wwp-law.com

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on this the 13th day of May 2022, I served the foregoing by electronically filing the same through the Ala-File electronic filing system that will provide a copy to counsel of record:

John David Lawrence
FARRIS, RILEY & PITT, LLP
505 20th Street North, Suite 1700
Birmingham, Alabama 35203
jlawerence@frplegal.com

*/s/ Jonathan K. Corley*           
Jonathan K. Corley

AlaFile E-Notice

31-CV-2022-900169.00

Judge: CODY D. ROBINSON

To:  LAWRENCE JOHN DAVID
     jlawrence@frplegal.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

LINDA CHEATWOOD V. CALVIN DWAYNE CARTER ET AL
31-CV-2022-900169.00

The following matter was not served on 5/16/2022

**D002 CARTER'S TRANSPORT, INC.**
**Corresponding To**
UNCLAIMED CERT MAIL
ELECTRONIC CERTIFIED MAIL RETURN

CASSANDRA JOHNSON
CIRCUIT COURT CLERK
ETOWAH COUNTY, ALABAMA
801 FORREST AVENUE
SUITE 202
GADSDEN, AL, 35901

256-549-2150

AlaFile E-Notice

31-CV-2022-900169.00

Judge: CODY D. ROBINSON

To:  CORLEY JONATHAN KEITH
jcorley@wwp-law.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

LINDA CHEATWOOD V. CALVIN DWAYNE CARTER ET AL
31-CV-2022-900169.00

The following matter was not served on 5/16/2022

**D002 CARTER'S TRANSPORT, INC.**

**Corresponding To**

UNCLAIMED CERT MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CASSANDRA JOHNSON
CIRCUIT COURT CLERK
ETOWAH COUNTY, ALABAMA
801 FORREST AVENUE
SUITE 202
GADSDEN, AL, 35901

256-549-2150



AlaFile E-Notice

31-CV-2022-900169.00

Judge: CODY D. ROBINSON

To:  CORLEY JONATHAN KEITH
jcorley@wwp-law.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

LINDA CHEATWOOD V. CALVIN DWAYNE CARTER ET AL
31-CV-2022-900169.00

The following matter was not served on 5/16/2022

**D002 CARTER'S TRANSPORT, INC.**

**Corresponding To**

UNCLAIMED CERT MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CASSANDRA JOHNSON
CIRCUIT COURT CLERK
ETOWAH COUNTY, ALABAMA
801 FORREST AVENUE
SUITE 202
GADSDEN, AL, 35901

256-549-2150